UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY KARL OTTOMANIELLO,  )
      Plaintiff             )
                            )
              v.      )   C.A. 13-cv-30010-MAP
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of the Social  )
Security Administration,    )
      Defendant             )

MEMORANDUM AND ORDER REGARDING
PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND DEFENDANT'S MOTION FOR ORDER AFFIRMING COMMISSIONER
(Dkt. Nos. 13 & 17)

November 12, 2013

PONSOR, U.S.D.J.

    This is an appeal of a final decision by Defendant, the Acting Commissioner of the Social Security Administration, finding Plaintiff not disabled for purposes of Disability Insurance Benefits and Supplemental Security Income. Counsel appeared for argument on the parties' cross-motions on November 7, 2013. At issue was whether the Administrative Law Judge ("ALJ") was incorrect to clarify Plaintiff's mental health diagnoses as non-severe impairments. At the conclusion of the hearing, the court indicated it was going to deny Plaintiff's Motion for Judgment on the Pleadings and allow Defendant's Motion for Order Affirming Decision of the Commissioner. This memorandum will summarize the court's reasoning.

The standard is very well established.  The decision of the ALJ finding Plaintiff not disabled becomes the decision of Defendant and may only be overturned if it is not "supported by substantial evidence and based on the correct legal standard."  42 U.S.C. § 405(g); Manso-Pizzarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st. Cir. 1996).  Substantial evidence simply means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Here, a certain degree of affirmative evidence clearly supports the ALJ's decision.  Dr. Joseph Whitehorn, a non-evaluating state agency psychiatrist, reviewed the medical records and found that they offered no support for Plaintiff's claim that his mental impairments were severe.  Although non-treating physicians who only review medical records are generally not entitled to great weight, 20 C.F.R. § 404.1527(e), no other evidence in the record contradicts or undermines Dr. Whitehorn's conclusion.  Indeed, the primary difficulty faced by Plaintiff in pursuing this appeal is the absence of significant affirmative medical evidence tending to support either a physical or a mental disability.  Thus, the ALJ's decision is directly supported by some evidence, but, more

importantly, inferentially supported by the absence of any medical evidence supporting Plaintiff's position.

Under these circumstances, controlling authority requires the court to affirm the decision of Defendant.

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is hereby DENIED and Defendant's Motion for Order Affirming Decision of the Commissioner (Dkt. No. 17) is hereby ALLOWED.  The clerk is ordered to enter judgment for Defendant.  This case may now be closed.

It is So Ordered.

                               /s/ Michael A. Ponsor
                               MICHAEL A. PONSOR
                               U. S. District Judge